IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Clinton D. Dudley, Sr., | Case No. 3:12 CV 2255 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Jim Dennis, et al., | |
| Defendants. | |

### INTRODUCTION

*Pro se* Plaintiff Clinton Dudley, Sr. filed this action under 42 U.S.C. §§ 1981 and 1983, and 18 U.S.C. §§ 241 and 242 against "Executive Director" Jim Dennis, Toledo Housing Court Judge C. Allen McConnell, and Unknown Board Members. In the Complaint, he claims he was incarcerated beyond the expiration of his probation and seeks monetary damages (Doc. 1). Plaintiff also filed an Application to Proceed *In Forma Pauperis* (Doc. 7). That Application is granted.

On September 25, 2012, Plaintiff filed an Amended Complaint (Doc. 4) and two motions styled "Motion for Included Charges of Fraud, Misprison, and Conspiracy to Violate Civil Rights Before Said Federal Grand Jury to Hear" (Doc. 5) and "Motion for a White Collar Task Force to Investigate Under Color of Law Activities" (Doc. 5). They were filed under 42 U.S.C. § 1983, 18 U.S.C. §§ 4, 241 and 242, and Ohio Revised Code §§ 2911.21, 2913.42, 2921.44, and 2935.09 against a litany of individuals, including Dennis, Lucas County Court of Common Pleas Judge Gene Zmuda, Lucas County Court of Common Pleas Judge Linda Jennings, Lucas County Prosecutor Julia Bates, Lucas County Auditor Anita Lopez, Lucas County Auditor's Office Employee John Matimore, Lucas County Commissioner Pete Gerken, Lucas County Commissioner Tina Wozniak,

Lucas County, Wesley Merilat, Esq., State Grand Jury September 2010 term, the law firm of Zoll, Kranz & Borgess LLC, the Democratic Party of Lucas County, Toledo Mayor Michael Bell, Toledo Police Chief Derrick Diggs, the City of Toledo, Correction Service Corporation, Richard Mitchell, Mitchell Law LLC, Midwest Title Community Company, Joseph Westmeyer, Jr., Westmeyer Law Offices, Unknown County Staffs, Willie Grace, James Brewer, Jr., the Toledo Police Department, Toledo Municipal Court Clerk Vallie Bowman-English, Municipal Court, and Andrew Newby.

In the Amended Complaint, Plaintiff objects to the transfer of property from New Harvest Ministries, Inc. to Bible Temple Family Worship Center, Inc. He seeks unspecified injunctive relief and monetary damages. It is not clear whether Plaintiff intended the Amended Complaint to supersede or to supplement the Original Complaint. Dennis is the only defendant named in both pleadings. Plaintiff refers to the Original Complaint in his request for relief in the Amended Complaint (Doc. 4 at 26). One of his motions is also titled "Motion for Included Charges of Fraud, Misprison, and Conspiracy," which are the claims that appear to form the basis of the Amended Complaint. This Court will therefore construe the Amended Complaint as a supplemental pleading and address the claims asserted in each document.

## BACKGROUND

Plaintiff's pleadings are disjointed and difficult to decipher. In his Original Complaint, Plaintiff appears to challenge the length of his sentence for an unstated offense. He indicates he was sentenced to probation by Toledo Housing Court Judge McConnell on July 31, 2012; however, the judge stayed his sentence until August 10, 2012 (Doc. 1 at 2). He then states his sentence had already expired on January 12, 2012, eight months prior to the sentencing hearing at which probation was imposed (Doc. 1 at 2). He contends this caused him to serve twelve months of probation in

twenty-four months, which he asserts was the equivalent of a third-degree felony rather than a first-degree misdemeanor (Doc. 1 at 3). The Original Complaint further alleges he is entitled to credit for the time between January 11, 2011 to August 10, 2012 because this was time he spent under the sentence before the trial (Doc. 1 at 3). He states he has judgments against "elite Caucasians" and is pursuing a cause of action against the Auditor's Office and an attorney for "defacing a deed" (Doc. 1 at 4).

The Amended Complaint is similarly unintelligible. Exhibits A–I indicate that Cathedral Market Ltd. owned a commercial property located at 2489 Collingwood Boulevard, Toledo, Ohio (the "Property") (Doc. 4-1 at 12). National City Bank ("NCB") held a mortgage on the Property secured by a note (Doc. 4-1 at 10). On February 5, 2007, NCB filed a foreclosure action against Cathedral Market in the Lucas County Court of Common Pleas. *National City Bank v. Cathedral Market Ltd.*, Case No. CI-200701735-000 (Lucas County Common Pleas). NCB obtained a judgment against Cathedral Market, and the Property was sold at a sheriff's sale on January 8, 2008 (Doc. 4-1 at 6–7).

The confirmation of sale issued by the Lucas County Court of Common Pleas indicates the Property was sold to "New Harvest Ministries, Inc., Trustee for Bible Temple Family Worship Center, Inc." (Doc. 4-1 at 7). The court found that New Harvest Ministries subsequently assigned its bid to "Bible Temple Family Worship Center, Inc., Trustee for New Harvest Ministries, Inc." (Doc. 4-1 at 7). Pursuant to the bid assignment, the auctioneer conveyed the Property through a deed to "Bible Temple Family Worship Center, Inc., Trustee for New Harvest Ministries, Inc. ("Grantee"), assignee of New Harvest Ministries, Inc., Trustee for Bible Temple Family Worship Center, Inc." (Doc. 4-1 at 2). The auctioneer's deed was signed on March 26, 2008 and recorded

on April 9, 2008 (Doc. 4-1 at 2–3).

Over two years later, on August 19, 2010, the pastor of Bible Temple Family Worship Center recorded an affidavit indicating the auctioneer's deed contained inaccuracies (Doc. 4-1 at 13–14). He stated there was no fiduciary relationship between Bible Temple Family Worship Center and New Harvest Ministries. Plaintiff attaches to his Amended Complaint a document appearing to be the original auctioneer's deed with all references to New Harvest Ministries blacked-out, leaving Bible Temple Family Worship Center, Inc. as the sole grantee (Doc. 4-1 at 15). This edited version of the deed contains the original Recorder's stamp from April 9, 2008, with no indication it was filed with the Recorder's Office.

Plaintiff alleges he is the pastor of New Harvest Ministries, Inc. (Doc. 4 at 7). He states that James Brewer, the pastor of Bible Temple Family Worship Center, is the Trustee for New Harvest Ministries (Doc. 4 at 6). Plaintiff provides a one-page facsimile from Bible Temple Family Worship Center showing the income and expenses for the Property from November 2008 to July 2010 (Doc. 4-1 at 16). Plaintiff alleges this document shows Brewer did not deposit any trust monies into New Harvest Ministries' bank account (Doc. 4 at 6). He claims this is embezzlement. He contends he did not authorize a change to the Property deed (Doc. 4-1 at 18–20).

Plaintiff asserts Defendants allow "elite Caucasians" to commit crimes against him and his African-American church, which constitutes obstruction of civil rights due to racism in violation of 18 U.S.C. §§ 241 and 242 (Doc. 4 at 5, 7–9, 11–14, 16–17, 19–21, 23–25). Plaintiff also asserts Defendants violated his First, Fifth, Eighth, and Fourteenth Amendment rights when they "stole a church" (Doc. 4 at 24). He asks this Court to restore the state of ownership he had in the Property on August 19, 2010 and award him monetary damages (Doc. 4 at 26).

4

**ANALYSIS**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. 28 U.S.C. § 1915(e)(2). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking Section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. A plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this

pleading standard. *Id*. Further, in reviewing a complaint, the court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

**Original Complaint**

This Court looks first to the claims asserted in the Original Complaint and finds they are without merit. Plaintiff appears to be contesting the length or computation of one or more of his criminal sentences, and contends his sentence of probation expired six months before it was even imposed. Based on this allegation, Plaintiff asserts conspiracy claims under 18 U.S.C. §§ 241 and 242, and violation of civil rights under 42 U.S.C. §§ 1981 and 1983. It is unclear which convictions or sentences Plaintiff is contesting, which legal claims he is asserting to challenge his sentences, and how Defendants were involved in the decisions giving rise to his causes of action.

This Court is mindful of its duty to accord a more liberal construction to the pleadings of *pro se* litigants; however, this duty is not without limits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). This Court is not required to conjure up unpled allegations or to construct full blown claims from sentence fragments. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). To require the courts to explore exhaustively all potential claims of a *pro se* plaintiff would "transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* Plaintiff's vague assertions of conspiracy and obstruction of civil rights set forth in disjointed and often incomplete sentences do not sufficiently set forth a "short and plain statement of the claim showing . . . the pleader is entitled to relief" as required by Federal Civil Rule 8. *Iqbal*, 556 U.S. at 678.

Furthermore, even if Plaintiff had provided some factual context for his legal claims, they would require dismissal. He cites 18 U.S.C. §§ 241 and 242, which are criminal statutes. They do not provide a private right of action in a civil proceeding. *United States v. Oguaju*, 76 F. App'x 579, 580 (6th Cir. 2003); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994). Plaintiff cannot bring a civil cause of action against Defendants under these statutes.

While 42 U.S.C. §§ 1981 and 1983 could, if supported by factual allegations, provide the basis for a civil rights action, Plaintiff cannot use these statutes to challenge the computation or length of his criminal sentence unless the sentence has been set aside by an Ohio court or a federal writ of habeas corpus. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). A person convicted of a criminal offense cannot bring a civil rights action to challenge his conviction or sentence if a judgment on the merits of those civil rights claims would affect the validity of his conviction or sentence. *Heck*, 512 U.S. at 486–87. This is true regardless of whether Plaintiff seeks injunctive, declaratory, or monetary relief. *Wilson v. Kinkela*, 1998 WL 246401, at *1 (6th Cir. 1998). Because Plaintiff challenges his probation sentence, he cannot proceed with this civil rights action unless his sentence first was vacated by either an Ohio appellate decision or a federal writ of habeas corpus. He does not allege either of these events occurred. Consequently, Plaintiff cannot proceed with the civil rights claims asserted in his Original Complaint.

**Amended Complaint**

The allegations in the Amended Complaint concern the successful bid and purchase of foreclosed property at a sheriff's auction by New Harvest Ministries, and the assignment of that bid to Bible Temple Family Worship Center. Plaintiff lacks standing to assert these claims, and fails

to otherwise assert a claim upon which relief may be granted.

All the claims pertaining to the purchase of the Property, the assignment of the bid, and the alteration of the deed belong to New Harvest Ministries, a non-profit corporation. The Secretary of State lists the status of New Harvest Ministries as "cancelled" as of August 1, 2011 for failing to file a Statement of Continued Existence. *See* http://www2.sos.state.oh.us/reports/rwservlet?imgc&Din=201121396059. Even if New Harvest was a registered non-profit corporation, however, Plaintiff could not bring this claim because corporations cannot appear *pro se* in any litigation. *Prakash v. Altadis U.S.A. Inc.*, 2012 WL 1109918, at *6–7 (N.D. Ohio 2012). Plaintiff is not an attorney. He therefore can assert only violations of his own rights; he cannot represent New Harvest Ministries, Inc.

Plaintiff also lacks standing to assert claims on his own behalf concerning the purchase of the Property, the alteration of the deed, or the failure to deposit funds into New Harvest Ministries' bank account. In every federal case, the party bringing the suit has the burden to establish standing to prosecute the action. "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Standing jurisprudence has two components: Article III standing, which enforces the Constitution's case or controversy requirement, *see Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–60 (1992); and prudential standing, which embodies "judicially self-imposed limits on the exercise of federal jurisdiction." *Allen v. Wright*, 468 U.S. 737, 751 (1984).

To establish Article III standing, Plaintiff must show the conduct of which he complains has caused him to suffer an "injury in fact" that a favorable judgment will redress. *See Lujan*, 504 U.S. at 560–61. This invasion of a legally protected interest must be concrete and distinct, actual or

imminent, and not conjectural or hypothetical. *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990). Prudential standing requirements include "[a] general prohibition on a litigant's raising another person's legal rights." *Allen*, 468 U.S. at 751.

Plaintiff has not shown a concrete "injury in fact" to himself. Plaintiff's allegations involve invasions only of New Harvest Ministries' rights, not his own. New Harvest Ministries had the successful bid to purchase the Property at the sheriff's auction. New Harvest Ministries assigned its bid to Bible Temple Family Worship Center. Plaintiff claims Bible Temple Family Worship Center was to hold the Property in trust for New Harvest Ministries, but instead altered the deed to reflect Bible Temple Family Worship Center, Inc. as the sole owner of the Property. The fact that Plaintiff may be collaterally affected by the adjudication of the corporation's interests does not necessarily extend this Court's Article III powers to him. *Allstate Ins. Co. v. Wayne County*, 760 F.2d 689, 692 (6th Cir. 1985). A plaintiff generally "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth*, 422 U.S. at 499. Plaintiff therefore has not established standing to assert the claims set forth in the Amended Complaint.

Furthermore, even if Plaintiff could assert claims on behalf of New Harvest Ministries, he fails to state a claim upon which relief may be granted. He cannot pursue his claims under 18 U.S.C. §§ 4, 241, and 242, because, as discussed above, they are criminal statutes and do not provide a private cause of action. *Oguaju*, 76 F. App'x at 580. Plaintiff also has not sufficiently pled violations of the First, Fifth, Eighth, and Fourteenth Amendments. Plaintiff contends Defendants, who include three judges, a county prosecutor, the county auditor and her staff, private attorneys and their law firms, the grand jury, the Democratic party, the Toledo Mayor and Chief of Police, the

9

Toledo Municipal Court Clerk of Court, the Municipal Court and other private individuals, "stole a church" (Doc. 4 at 24).  He suggests, without further explanation, that the First Amendment claim is based on interference with religious freedom (Doc. 4 at 24).  The Amended Complaint is replete with vague references to racism, and it is possible Plaintiff's Fourteenth Amendment claim is an attempt to assert an Equal Protection Clause claim.  His Fifth and Eighth Amendment claims have no explanation.

Federal Civil Rule 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing Plaintiff is entitled to relief."  *Iqbal*,  556 U.S. at 678.  The pleading standard in Rule 8 does not require detailed factual allegations, but it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.*  A pleading offering legal conclusions or a simple list of the elements of a cause of action does not meet the requirements of Rule 8.  *Id.*  Plaintiff's Amended Complaint, peppered with vague sentence fragments and legal conclusions, does not state a valid claim which meets basic federal pleading requirements.

Finally, Plaintiff cites several Ohio statutes.  Supplemental jurisdiction over state law claims exists whenever state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial.  *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966).  This Court, however, may exercise discretion in hearing state law matters.  *Id.* at 726.  Where the federal law claims are dismissed before trial, the state law claims should also be dismissed.  *Id.*  Because Plaintiff's federal law claims have been dismissed, this Court declines jurisdiction to address his state law claims.

## CONCLUSION

For all the reasons set forth above, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 7) is granted, his Motion for Included Charges of Fraud, Misprision, and Conspiracy (Doc. 5) is denied, his Motion for a White Collar Task Force (Doc. 5) is denied, and this action is dismissed under 28 U.S.C. § 1915(e). This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

November 26, 2012